## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ALBERT McELHANEY,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 16-107-JHP-KEW |
| **CARL BEAR, Warden,** | ) ) ) |
| Respondent. | ) ) |

### OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, a pro se prisoner in the custody of the Oklahoma Department of Corrections, is attacking his conviction and sentence in McIntosh County District Court Case No. CF-2009-76 for Murder in the Second Degree, After Former Conviction of Two or More Felonies. Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The following dates are pertinent to the motion to dismiss:

**07/22/2010** Petitioner entered blind pleas of guilty in McIntosh County District Court Case No. CF-2009-76 to Murder in the Second Degree (DUI) (Count 1); Driving with License Cancelled/ Suspended/Revoked (Count 2); Transporting Open Bottle or Container of Liquor (Count 3); Failure to Carry Insurance/ Security Verification Form (Count 4); and Failure to Display Current Tag (Count 5) (Dkt. 8-2).

**08/26/2010** Petitioner's Judgment and Sentence was entered (Dkt. 8-3).

**09/07/2010** Petitioner filed a motion to withdraw guilty plea (Dkt. 8-4).

**09/30/2010** The state district court held a hearing on Petitioner's motion to withdraw guilty plea and denied the motion (Dkt. 8-5).

**10/11/2010** Petitioner's conviction became final.

**03/14/2011** Petitioner filed an application for post-conviction relief and request for appeal out of time in the McIntosh County District Court (Dkt. 8-6).

**12/11/2012** The McIntosh County District Court denied Petitioner's post-conviction application and request for appeal out of time (Dkt. 8-7).

**01/10/2013** Petitioner's final day of the 30-day period for appealing the denial of post-conviction relief and request for recommendation for appeal out of time.

**08/12/2013**[1] Petitioner's year to file his habeas corpus petition expired.

**03/06/2014** Petitioner filed a second application for post-conviction relief (Dkt. 8-8).

**08/21/2014** Petitioner filed an amended/supplemental application for post-conviction relief (Dkt. 8-9).

---

[1] October 10, 2010, was a Sunday.

2

**09/18/2015**   The McIntosh County District Court denied Petitioner's amended/supplemental application for post-conviction relief (Dkt. 8-11).

**02/24/2016**   The Oklahoma Court of Criminal Appeals affirmed the denial of Petitioner's post-conviction application in Case No. PC-2015-846 (Dkt. 8-12).

**03/23/2016**   Petitioner filed this petition for a writ of habeas corpus.

The record shows that Petitioner's Judgment and Sentence was entered on August 26, 2010, and his motion to withdraw his guilty plea was denied on September 30, 2010. Because he did not file a notice of intent to appeal and designation of the record, his conviction became final on October 11, 2010, ten days after the denial of his motion to withdraw the plea. *See* Rule 4.2(D), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App. Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statutory year began to run on October 12, 2010, and it expired on October 12, 2011. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed a post-conviction application on March 14, 2011, and the state district court denied the application on December 11, 2012. The limitation period also was tolled an additional 30 days, until January 10, 2013, to allow Petitioner to perfect a post-conviction appeal, regardless of whether he actually appealed or not. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). In all, Petitioner's deadline for filing this habeas action was extended to August 12, 2013. Petitioner's subsequent attempts to obtain post-conviction relief before the state courts, which were filed after August 12, 2013, cannot serve to toll an already expired statute of limitations. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir.

3

2003). Because the petition was not filed until March 23, 2016, it is barred by the statute of limitations.

Petitioner alleges his petition is not time barred, because of "time tolled during state exhaustion, *and* state impeadiments [sic]" (Dkt. 1 at 13) (emphasis in original). The Court construes this statement as a possible request for equitable tolling. Petitioner, however, carries the burden of establishing equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted).

Petitioner's response to Respondent's motion to dismiss presents a list of "exceptional circumstances" that mandate tolling (Dkt. 9). He claims his unspecified disabilities impeded his ability to exhaust his state remedies, there were unspecified state impediments that tolled the limitation period, and the prison staff denied him access to the courts. According to his interpretation of the law and his calculations, the petition is not time barred. The Court finds Petitioner has not presented any facts or evidence to support these claims, and his calculations of the deadline for filing this habeas action are incorrect. Therefore, there can be no equitable tolling on that basis.

With respect to Ground Four of the petition, titled "Actual Innocence Claim" (Dkt. 1 at 10), "a claim of actual innocence may toll the statute of limitations." *Lawrence v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). The threshold for showing actual innocence is "demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S.

4

518, 538 (2006) (quotations omitted). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner sets forth the following "facts" in support of this claim:

> Claim was made in state courts: State did *not* refute the claim; no state court made a findings of fact, *or* conclusions of law, on this claim. No procedural bar, *or* waiver can be applied to *this* claim.

(Dkt. 1 at 10) (emphasis in original). Petitioner also set forth a similar, conclusory claim in Claim Eight and Claim Nine of his amended/supplemental post-conviction application, which was filed after expiration of the limitation period:

> Ineffective Assistance of Trial Counsel requires modification of Sentence, as it's Newly Discovered that a Factory Flaw in the Vehicle involved, *caused* the Accident, *not* the actions of the defendant *and* the actions of Medical Personnel caused the death, *not* the actions of the defendant, making petitioner actually innocent. . . .

(Dkt. 8-9 at 5-6) (emphasis in original).

> It has been *Newly* Discovered Expert Witnesses, *and* evidence (*See* Motion for Funding) can 100% discredit *All* State evidence, *and* witness testimony, warranting a hearing *on* Motion for Funding, *or* a hearing so these Experts can testify *and* present their evidence.

(Dkt. 8-9 at 6; O.R. 188) (emphasis in original). Contrary to Petitioner's allegations, the State did refute this claim in its response to the motion:

> Defendant's claim of newly discovered evidence is irrelevant. No evidence was ever submitted, since Defendant waived preliminary hearing and jury trial in this cause. Claims of newly discovered evidence, without some offer of proof, are not sufficient to properly raise the issue. Defendant's claim #9 is without merit.

(Dkt. 8-10 at 2; O.R. 199). Moreover, in its Order Affirming Denial of Post-Conviction Relief, the Oklahoma Court of Criminal Appeals recognized that "Petitioner's argument ignores that portion of the District Court's order stating, 'The State's response to each of

5

those individual claims is further adopted as part of the Court's findings and conclusions.' (O.R. 215, ¶ 4.)" (Dkt. 8-12 at 6). Therefore, the state courts did consider and reject his claim.

The Court finds that apart from his unsupported allegations, there is no evidence in the record to suggest Petitioner is actually innocent of the charges of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Petitioner pleaded guilty to an alcohol-related vehicular homicide, and he has presented no new, reliable evidence of his factual innocence. Therefore, he is not entitled to equitable tolling.

Finally, the Court finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY,** Respondent's motion to dismiss time barred petition (Dkt. 7) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 31st day of March 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma